Paula A. DONNELLON,
Plaintiff-Appellee,

v.

FRUEHAUF CORPORATION,
Defendant-Appellant.

No. 85–8615.

United States Court of Appeals,
Eleventh Circuit.

July 23, 1986.
Rehearing and Rehearing En Banc
Denied Aug. 27, 1986.

David M. Brown, Sandra Kaye, Atlanta, Ga., for defendant-appellant.

Robert S. Devins, Atlanta, Ga., for plaintiff-appellee; Richard M. Maddow, Atlanta, Ga., on brief.

Before CLARK, Circuit Judge, HENDERSON *, and WISDOM **, Senior Circuit Judges.

---

\* *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

\*\* Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

WISDOM, Senior Circuit Judge:

This is another employment discrimination case. We review, among other questions, the district court's allocation of the burden of proof. The district court found that the plaintiff, Paula Donnellon, was discharged by the defendant, Fruehauf Corp., in retaliation for filing a sex discrimination complaint. As is not uncommon in these cases, we find no error in the district court's analysis and affirm both the trial judge's finding of liability and the remedy he ordered, reinstatement.

## I.

The plaintiff was hired by Fruehauf in 1963 as a secretary. After a brief retirement because of her second pregnancy, she was rehired in 1966 and was soon promoted to secretary to the director of purchasing. In 1970 she became the secretary to the general manager of the Rentco Division of Fruehauf. She was promoted in 1978 to office manager of the Rentco branch in Atlanta, Georgia. The Rentco office in Atlanta leased trailers for trucks.

In July 1980, the plaintiff applied for a sales representative position that opened in the Atlanta office. The only other applicant was a man named Michael Costa. He had worked for six years at International Harvester in a sales position and had established contacts with many of the companies that were potential customers of Rentco. On the record, apparently Costa was better qualified for the job than Donnellon and he was hired on August 4, 1980.

On August 12, 1980, the plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC), alleging that she was denied the sales representative position because of her sex. On September 12, 1980, the plaintiff was discharged from her employment with Fruehauf. This action triggered, four days later, an additional charge filed against the company with the EEOC, in which Donnellon alleged that she was discharged in retaliation for filing her original discrimination complaint. She received a right-to-sue notice from the EEOC in due course and promptly filed a complaint with the district court. In her complaint she alleged sexually discriminatory treatment in the failure of the defendant to promote her to sales representative and illegal retaliation by the defendant for filing her discrimination complaint with the EEOC.

The district court, after a bench trial, concluded that the plaintiff had not been denied the sales position on account of her sex. The applicant who was hired by the defendant, Michael Costa, was far more qualified for the job than the plaintiff. The court concluded, however, that the defendant discharged the plaintiff in retaliation for her filing a sex discrimination complaint. Fruehauf proffered an explanation for the discharge of the plaintiff: she did not get along with her supervisor and threatened to go to work for a competitor. The district court discredited this explanation and ordered the defendant to reinstate the plaintiff with backpay. The defendant has appealed the finding of liability and the remedy ordered by the district court. We affirm.

## II.

Title VII protects employees against retaliation by an employer for participation in an employment discrimination case.[1] Proof of retaliation is governed by the framework announced in *McDonnell Douglas Corp. v. Green.*[2] Initially, the plaintiff must present prima facie proof of retaliation. "To establish a prima facie case of retaliation, [the plaintiff] must show (1) that he has engaged in statutorily protected activity; (2) that the employer has taken an adverse employment action; and (3) a causal connection exists between

---

**1.** 42 U.S.C. § 2000e–3(a).

**2.** The court in *Whatley v. Metropolitan Atlanta Rapid Transit Authority,* 632 F.2d 1325, 1327–28 (5th Cir.1980) applied the *McDonnell Douglas*

*Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), framework to a retaliation case.

the two." [3] The employer must rebut the prima facie case with a legitimate, nondiscriminatory reason for its actions. If the defendant carries this burden of production, then the court must inquire whether the stated reason is merely pretextual. [4]

■ As the district court properly concluded, the plaintiff in this case established prima facie proof of retaliation. No one disputes that she engaged in a protected activity and was subsequently discharged. The causal connection between the two events is disputed by the defendant. The short period of time, however, between the filing of the discrimination complaint and the plaintiff's discharge belies any assertion by the defendant that the plaintiff failed to prove causation. [5] The plaintiff carried her initial burden.

■ The defendant advanced legitimate, nondiscriminatory reasons for the plaintiff's discharge. She had a few personal squabbles with her supervisor and she allegedly threatened to leave the company and go to work for a competitor. These reasons were sufficient to rebut the plaintiff's prima facie case. The question for our determination is whether the district court was clearly erroneous in finding that the reasons offered by the defendant were pretextual.

The defendant raises two objections to the district court's finding. First, Fruehauf argues that the court improperly placed the ultimate burden of persuasion on it, rather than the plaintiff. Second, the defendant asserts that even if the court correctly applied the burden of persuasion, its finding of pretext is clearly erroneous. Neither argument is persuasive.

■ The district court did not misapply the burden of persuasion. The defendant contends that the plaintiff failed to prove that Fruehauf's reasons were pretextual because the plaintiff offered no new evidence after the defendant articulated its reasons for her discharge. This argument ignores the Supreme Court's observation in *Texas Department of Community Affairs v. Burdine* [6] that "there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation" and that "this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual". [7] In this case the district court did not require Fruehauf to bear the burden of persuasion on the issue of pretext. The court merely assessed the plausibility of Fruehauf's reasons for the plaintiff's discharge. The trial judge weighed all the evidence, including the testimony of the defendant's witnesses after the plaintiff's cross-examination, and concluded that the defendant discharged the plaintiff in retaliation for filing a sex discrimination complaint.

The evidence supporting this finding is substantial and, therefore, it was not clearly erroneous. The plaintiff worked for many years for the defendant and less than one month after filing her discrimination claim she was discharged. There was evidence showing that the defendant had no intention of promoting the plaintiff to sales representative, but the defendant encouraged her to pursue her application so as to avoid any appearance of sex discrimination. Also, a witness favorable to the plaintiff changed his testimony after receiving a veiled threat that the top management of the company would look askance at his support of the plaintiff's case. Finally, the defendant's witnesses never articulated

---

3. *Canino v. United States Equal Employment Opportunity Commission,* 707 F.2d 468, 471 (11th Cir.1983).

4. *Whatley,* 632 F.2d at 1328.

5. *See, e.g., Womack v. Munson,* 619 F.2d 1292, 1296 n. 6 (8th Cir.1980), *cert. denied* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981).

6. 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

7. *Id.* at 255 n. 10, 101 S.Ct. at 1095 n. 10.

clearly and consistently the reason that the plaintiff was discharged. The plaintiff's threat to leave the company was not the reason. There was evidence showing that the threat was made in jest. The district court did not err in finding a retaliatory motive behind the defendant's actions.

### III.

 The defendant argues that reinstatement was an inappropriate remedy for two reasons. First, the plaintiff cannot get along with her supervisor. Second, the plaintiff quit the comparable job she found after being discharged by Fruehauf. These arguments cannot overcome the presumption that prevailing Title VII claimants are entitled to reinstatement in the absence of unusual circumstances.[8] Evidence that a supervisor and a plaintiff did not get along is not sufficient to deny reinstatement.[9] Presumptive reinstatement is a necessary "and effective deterrent in preventing employer retaliation against employees who exercise their constitutional rights".[10]

In this case, the defendant failed to prove any unusual or extraordinary circumstances to warrant not reinstating the plaintiff. The job that the plaintiff found after leaving Fruehauf was more demanding and she left voluntarily. This fact does not justify denying the plaintiff her former job, from which she was illegally removed.

\* \* \*

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

**8.** *See Allen v. Autauga County Board of Education,* 685 F.2d 1302, 1305–06 (11th Cir.1982).

**9.** *Id.* at 1306.

