**Shirley BOOTH, Plaintiff,**

v.

**The BIRMINGHAM NEWS COMPANY, Defendant.**

Civ. A. No. CV87–PT–0802–S.

United States District Court, N.D. Alabama, S.D.

Jan. 11, 1988.

Ralph Bolen and A. Wilson Webb, Birmingham, Ala., for plaintiff.

Hubert A. Grisson, Jr., Michael L. Hall and Robert S. Vance, Jr., Johnston, Barton, Proctor, Swedlaw & Naff, Birmingham, Ala., for defendant.

MEMORANDUM OPINION

PROPST, District Judge.

This cause came on to be heard on the defendant's Motion for Directed Verdict after plaintiff had rested.

This court previously denied defendant's motion for summary judgment because plaintiff had made some suggestion that she would be able to establish some inference as to the third element of a retaliation claim enunciated in *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir.1980). The plaintiff's suggested evidence was that although defendant had purportedly failed to reassign plaintiff to the Hoover area because of customer complaints, it had, in the past, not acted on such complaints. While the "evidence" offered in opposition to the motion for summary judgment may not have been adequate or even admissible or

in the form subject to consideration, the court gave the benefit of the doubt to the plaintiff. At the trial, however, plaintiff offered none of this evidence.

After plaintiff first *conditionally* rested, the court allowed her to re-open the evidence. Although the court had not then researched the issue, the court sensed that merely offering evidence of the first two *Whatley* elements was not sufficient to establish a prima facie case. Research proved this "sense" to be on target.

The following are a series of quotes from controlling and persuasive cases.[1]

In *Dickerson v. Metropolitan Dade County*, 659 F.2d 574, 580–81 (5th Cir. Unit B 1981), the court stated:

> To establish a violation of section 704(a), the plaintiff must meet the requirements of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir.1981); *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1327–28 (5th Cir.1980). First, the complainant in a Title VII action bears the initial burden of establishing a prima facie case of retaliatory conduct.
>
>    \*    \*    \*    \*    \*    \*
>
> To prove a prima facie case under section 704(a) the Title VII plaintiff must establish by a preponderance of the evidence that he engaged in an activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in protected activity and the adverse employment action. *Smalley v. City of Eatonville*, 640 F.2d 765, 769 (5th Cir.1981); *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d at 1328.
>
>    \*    \*    \*    \*    \*    \*
>
> There is no dispute that Dickerson established the first two elements of a prima facie case of retaliatory firing. He filed

a complaint with the EEOC in 1972, amending it in 1976 and 1977, and he was discharged from employment. After a thorough examination of the record, however, we are convinced that *the plaintiff failed to establish the requisite causal link* between the complaints and his discharge. Dickerson adduced *no* evidence to suggest a causal connection except for proof of a disharmonious relationship with Gancher and the fact of discharge four and one-half years after he filed his original complaint with the EEOC. Rather, the evidence demonstrated that DERM fired Dickerson because of excess absenteeism, poor work relations with the laboratory staff, and inadequate work.

> [2] (Emphasis added).

In *De Anda v. St. Joseph Hospital*, 671 F.2d 850 (5th Cir.1982) citing earlier 5th Circuit cases, the court said, *inter alia*:

> In demonstrating her contentions, De Anda had the initial burden of establishing a prima facie case of retaliatory conduct.

671 F.2d at 856.

   \*    \*    \*    \*    \*    \*

> Whether in establishing a prima facie case of retaliation, including that the employee was fired because of her activity (causation), the plaintiff must show the protected activity is the sole reason for the employer's action or only one of several reasons (some of which are legitimate) for the action is unclear from the law of this circuit. In the initial determination of a prima facie case, especially in light of the obligation of the employer to rebut such a case by an articulation of a legitimate nondiscriminatory reason and the subsequent burden of plaintiff to prove pretext, it is possible plaintiff need not prove such participation was the sole factor in the employer's action, but need only *introduce enough evidence, direct or indirect to show a causal link*, i.e., that without some explanation from the

---

1. While the cases cited related to Title VII claims, the same principle would obviously be applicable to an ADEA retaliation claim.

2. Although *Dickerson* was apparently tried to a conclusion, the court refers to plaintiff's failure to establish a prima facie case.

defendant it is more likely than not "that such actions were 'based on a discriminatory criterion illegal under the Act.' " *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978)

(Citation omitted). (Emphasis added). 671 F.2d at 857 n. 12.

In *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir.1985), the court stated:

> In a retaliatory discharge case under § 704(a), where there is no direct evidence of retaliation, we have held that a plaintiff may make a prima facie case of retaliation by proving:
>
> > (1) that there was a statutorily protected participation, (2) that an adverse employment action occurred, and (3) that there was a causal link between the participation and the adverse employment action.
>
> *Whatley v. Metropolitan Atlanta Rapid Transit Authority*, 632 F.2d 1325, 1328 (5th Cir., Unit B, 1980).
>
> We do not construe the "causal link" in the *Whatley* formula to be the sort of logical connection that would justify a prescription that the protected participation in fact prompted the adverse action. Such a connection would rise to the level of direct evidence of discrimination, shifting the burden of persuasion to the defendant. Rather, we construe the "causal link" element to require merely that the plaintiff establish that the protected activity and the adverse action were not wholly unrelated.[3]

In *Doyal v. Marsh*, 777 F.2d 1526, 1534 (11th Cir.1985), the court stated:

> In order to establish a prima facie case of a retaliatory discharge, a plaintiff must establish (1) statutorily protected expression, (2) an adverse employment action, and (3) a casual link between the protected expression and the adverse claim. *Lindsey v. Mississippi Research*

*and Development Center*, 652 F.2d 488, 491 (5th Cir. Aug. 3, 1981).

The Court noted that the trial court had erred in applying the standards of *Sorrells v. Veterans Adm.*, 576 F.Supp. 1254, 1262 (S.D.Ohio 1983) which plaintiff here has argued to the court (particularly *Sorrells* (4)).

In *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600–01 (11th Cir.1986), the Court stated:

> Proof of retaliation is governed by the framework announced in *McDonnell Douglas Corp. v. Green*. Initially, the plaintiff must present prima facie proof of retaliation. "To establish a prima facie case of retaliation, [the plaintiff] must show (1) that he has engaged in statutorily protected activity; (2) that the employer has taken an adverse employment action; and (3) a causal connection exists between the two." The employer must rebut the prima facie case with a legitimate, nondiscriminatory reason for its actions. *If the defendant carries this burden of production*, then the court must inquire whether the stated reason is merely pretextual.

(Footnote omitted). (Emphasis added).

*Donnellon* suggests that "The Short period of time, however, between the filing of the *discrimination complaint* and plaintiff's discharge [one month] belies any assertion by the defendant that the plaintiff failed to prove causation. The plaintiff carried her initial burden." 794 F.2d at 601 (footnote omitted). If form is exalted over substance, this language might lead one to believe that the expiration of a short time alone can create an inference of a causal link. In *Donnellon*, however, there was no indicated intervening factor between the charge of discrimination and discharge. Here there was a settlement, and an oral and written objection from customers opposing the proposed assignment which plaintiff complains of not receiving.[4] De-

---

**3.** While the court cannot fully understand what evidence is necessary to establish that *Whatley* (1) and Whatley (2) were not "wholly unrelated," the court is satisfied that merely proving (1) and (2) are not sufficient. *See* discussion of evidence *infra*.

**4.** In *Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir.1980) cited in *Donnellon* in connection

fendant did not control the timing.[5] If timing alone, considered *in vacuo*, is sufficient to establish Whatley (3) under all circumstances, a plaintiff's burden of production would indeed be light unless the action were delayed for a number of years.[6] The evidence as presented during plaintiff's case indicates that "timing" was not a significant factor and it created no reasonable inference in this case. The obvious time for customers to object to an assignment is when the assignment is about to be made.[7] If the evidence is examined in light of Judge Randall's statement in *De Anda* that "[is it] more likely than not 'that such actions were' based on a discriminatory criterion illegal under the Act," it becomes apparent that plaintiff's case does not pass muster. The evidence that (1) defendant settled a discrimination claim;[8] (2) early on decided to assign plaintiff to Hoover accounts; (3) received complaints from customers opposing the assignment; and (4) considered the fact that plaintiff has previously objected to an assignment and insisted on the objections being put in writing, are all entirely consistent with a pure business decision with no inference of a causal link.[9]

Admittedly, if all it takes to establish *Whatley* (3) is to offer proof that the alleged adverse action was taken some six to seven months after the protected action or its settlement, this court may have erred. If, however, the "timing" must be considered only as one factor among the total circumstances, the court is of the opinion that its decision was correct.[10] If a timing element alone, without regard to its real significance under the circumstances, is to be mechanistically deemed to raise an inference which must be rebutted, it will likely make the decision of this court and other

with the "timing" issue, the court stated: "It is a strong case. The evidence shows that Munson *initially* called Womack in upon learning of the lawsuit, before Womack had made any admission. At *that meeting*, Munson told Womack that he wanted him to leave because his continued employment in the prosecutor's office was an embarrassment. Within five days of this discussion, Womack was suspended; within twenty days, he was fired." (Emphasis added). The trial court had held that the timing justified *an inference* of retaliatory motive. 619 F.2d at 1296, note 6. The real issue is whether there is a reasonable inference under the circumstances. Here the initial charges didn't result in a request for resignation, suspension, or discharge. The initial charge was "settled" after a conciliation effort. The "timing" arose out of the need to comply in some fashion with the settlement agreement. It did not arise "out of the blue."

5. Arguably a stronger inference of retaliation could be created by a subtle delay between the protected action and the alleged adverse action.

6. The significance of requiring that plaintiffs be required to initially demonstrate some reasonable inference of retaliation is illustrated by this case. At one time, plaintiff listed some 650 witnesses which she "may call." This was later significantly reduced, but it suggests the extent to which such cases may mount based upon minimal evidence. Without even a reasonable inference initially raised by plaintiff, the defendant could have been put to additional days of trial even though plaintiff raised no reasonable inference of retaliation under the circumstances, but apparently relied solely on the fact that the decision was made shortly after the "settlement." The settlement *required* the decision. If plaintiff had 650 potential witnesses, surely one of them could have offered at least prima facie evidence of (3).

7. Plaintiff admitted to the court, on question, that she did not have "100% proof, "that defendants' decision maker(s) connived with the complaining customers. Plaintiff did not suggest *any* such proof.

8. Plaintiff has acknowledged that, technically, defendant would have complied with the settlement agreement by assigning her anywhere in the south zone, which it did.

9. Plaintiff has suggested, that Townsend's involvement in both the settlement and the subsequent "adverse" action creates some inference of retaliation. It would be more usual than not that employment decisions made within a short time would all have the participation of the same supervisor. Further, the action of requiring the complaints to be in writing is indicative of precaution under the circumstances, but not discrimination.

10. The fact that the assignment decision was made at an agreed upon time substantially dilutes, if not totally refutes, the "timeliness" issue. The action taken was taken at an agreed upon time. While the circumstances surrounding the decision, if proof had been offered, may have created a reasonable inference of causal link, the timing itself, being agreed upon, could not do so.

courts much easier in the future.[11]

DONE and ORDERED.

---

11. Although the court is relatively satisfied that merely assigning the plaintiff to the "south zone" as agreed was not sufficient in and of itself to defeat a claim of retaliation, the court has not reconsidered that issue for the purposes of this motion. While the court has assumed, *arguendo,* that plaintiff has offered sufficient evidence of *Whatley* (2), the court has not focused on that issue.