Orville C. MATTHEWS, Jr., Plaintiff,

v.

**DEPARTMENT OF LABOR,**
**etc., Defendant.**

No. 89–1640–CIV–T–17(A).

United States District Court,
M.D. Florida,
Tampa Division.

July 12, 1991.

Linda R. Allan (Lead Counsel), St. Petersburg Beach, Fla., for Orville C. Matthews, Jr.

Frank E. Brown, Gary Dumm, Asst. Attys. Gen., Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for Dept. of Labor.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion for summary judgment, filed April 24, 1991, and response thereto, filed May 20, 1991.

The Complaint was filed on December 11, 1989, with an Amended Complaint filed February 12, 1990. This action is brought pursuant to § 623(a) and § 623(d) of the Age Discrimination Act. Plaintiff alleges that he was terminated because of his age and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant.

Defendant's motion for summary judgment is brought pursuant to Rule 56(c), Fed.R.Civ.P., which provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir. 1979), quoting *Gross v. Southern Railway Co.,* 414 F.2d 292 (5th Cir.1969). Thus, factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also stated, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

■ On a motion for summary judgment in an age discrimination complaint, plaintiff has the initial burden of establishing a prima facie case of discrimination through direct or circumstantial evidence or through the presumption recognized under the four-part test of *McDonnell Douglas. Baker v. Sears, Roebuck and Co.,* 903 F.2d 1515 (11th Cir.1990).

Under the *McDonnell Douglas* standard, the plaintiff must establish that he is in a protected group; that adverse employment action was taken against him; that he was replaced by a person outside the protected group; and that he was qualified for the position held. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Defendant does not dispute that Plaintiff has established the first three elements. However, Defendant contends that Plaintiff has failed the fourth prong of the test.

■■■ In this circuit, the fourth prong may be established by evidence that plaintiff has performed his responsibilities for several years without complaint. *Baker,* 903 F.2d at 1520. Since September 16, 1966, Plaintiff had been employed with the Division of Vocational Rehabilitation (DVR) of the Department of Education. Plaintiff was terminated on December 21, 1987. From September 1966 to July 1987, Plaintiff and Defendant both agree that Plaintiff received overall satisfactory or above satisfactory ratings from his supervisors on his annual job performance evaluations. Plaintiff's supervisors noted in at least eight (8) of these performance evaluations that Plaintiff handled a difficult caseload of spinal cord injured and brain injured clients which requires a considerable amount of time. Further, Martha Smith acknowledged Plaintiff's expertise when she stated in a July 1986 performance evaluation that Plaintiff was "the district expert on these difficult disorders and continues to improve his expertise by attending various training opportunities." Exhibit B of *Plaintiff's Response To Defendant's Motion for Summary Judgment.* On these facts, the Court finds that Plaintiff was qualified for the position he held prior to his termination.

Therefore, the Court, after reviewing the record in the light most favorable to Plaintiff, finds that Plaintiff has met all the requirements of the *McDonnell Douglas* test and thus, has established a prima facie case of discrimination.

■■■ However, this does not conclude the Court's inquiry. Once a plaintiff has met his initial burden of establishing a prima facie case for discrimination, there is a progression of shifting burdens of proof to be considered. The next burden falls to a defendant to produce credible evidence of a legitimate reason for failing to retain the plaintiff. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In the instant case, Defendant's articulated reasons for terminating the Plaintiff are that Plaintiff failed to meet his performance goals for three successive evaluations; that Plaintiff neglected many DVR clients over a lengthy period of time; that Plaintiff falsified records and engaged in questionable paperwork practices; and that Plaintiff demonstrated overall poor case management skills. The Court finds these stated reasons are sufficient to meet Defendant's burden.

Once the defendant has met his burden of proof, the burden shifts back to the plaintiff to establish that defendant's stated reasons are pretextual in nature. At this point, Plaintiff's burden merges with his ultimate burden of persuading the fact finder that he had been a victim of intentional discrimination. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), *Earley v. Champion International Corp.,* 907 F.2d 1077 (11th Cir.1990).

■■■ The Plaintiff asserts the following facts in rebuttal to Defendant's articulated reasons for discharge. First, that Plaintiff had exemplary job performance for twenty (20) years and acquired significant expertise in the area of severely disabled clients which has been recognized by his supervisors on Plaintiff's performance evaluations. Second, that Plaintiff received his first negative evaluation (below standards) after Martha Smith became his supervisor. Third, that Plaintiff's supervisor, Martha Smith, engaged in delaying activities that substantially impeded Plaintiff's ability to meet the standards set by his supervisor. Fourth, that Plaintiff could have defended against Defendant's claim that he falsified records. Plaintiff was never given a chance to explain before a written repri-

**1144**

mand, dated November 12, 1987, was given. Further, the written reprimand followed shortly after Plaintiff had filed a discrimination charge, dated November 4, 1987, against the Defendant.

This Court, after reviewing the memoranda, interrogatories and affidavits submitted by both counsel, concludes that there are genuine issues of material fact as to whether Plaintiff was discriminated against in violation of 29 U.S.C.A. § 623(a).

 Plaintiff states that he was also terminated in retaliation for filing a complaint against the Defendant with the EEOC in violation of 29 U.S.C.A. § 623(d). In order to withstand a motion for summary judgment, Plaintiff must establish a prima facie case. In the absence of direct proof of a retaliatory intent, a retaliation claim is proved through circumstantial evidence under the *McDonnell Douglas* standard. *Donnellon v. Fruehauf Corp.*, 794 F.2d 598 (11th Cir.1986). To demonstrate a prima facie case, the Plaintiff must establish three elements: 1) a protected activity, 2) adverse employment action, and 3) some causal linkage between the two.

In the instant case, the existence of elements one and two are not in dispute. Plaintiff filed his complaint with the EEOC on November 4, 1987. Plaintiff received a written reprimand on November 16, 1987 which was twelve (12) days after Plaintiff filed his complaint with the EEOC. Plaintiff received his third "below standards" evaluation on November 19, 1987 which was fifteen (15) days after the Plaintiff filed his complaint with the EEOC. Then, on December 21, 1987, Plaintiff was terminated. The Eleventh Circuit has stated, "[t]he short period of time ... between the filing of the discrimination complaint and the plaintiff's discharge belies any assertion by the defendant that the plaintiff failed to prove causation." *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir.1986).

This Court, after reviewing the memoranda, interrogatories and affidavits submitted by both counsel, concludes that there are genuine issues of material fact as to whether Plaintiff was terminated in re-

taliation for filing a complaint against the defendant with the EEOC in violation of 29 U.S.C.A. § 623(d). Accordingly, it is

ORDERED that Defendant's motion for summary judgment is DENIED.

DONE and ORDERED.