[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11710
Non-Argument Calendar

_____

D.C. Docket No. 7:10-cv-03084-LSC

SAMMY EDWARD SIMPSON, II,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES,
MOBILE COUNTY DEPARTMENT OF HUMAN RESOURCES,
BALDWIN COUNTY DEPARTMENT OF HUMAN RESOURCES,
JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURCES,
MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 18, 2012)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Sammy Simpson II, proceeding *pro se,* appeals the district court's order granting summary judgment to the defendants, its denial of his motions for out-of-time discovery, and its denial of his post-notice of appeal motion to compel a motions hearing transcript.

Simpson filed the instant complaint on November 15, 2010, naming as defendants the Alabama Department of Human Resources ("DHR"), the Jefferson, and Marshall Counties' DHR, and later amending his complaint to include Jon Costa and Nancy Buckner as defendants.  Pursuant to the anti-retaliation provision of the Rehabilitation Act, 29 U.S.C. §§ 791(g), 793(d), and 794(d), Simpson alleged that the defendants, some of whom he sued in 2006 pursuant to the Rehabilitation Act, later retaliated against him for that suit by not interviewing or hiring him for social worker positions.  (*Id.* at 3).[1]  The previous lawsuit ("*Simpson I*") was filed in November 2006, against, among others*,* the Alabama DHR as well as Marshall and Jefferson Counties' DHR.

---

[1]Simpson named numerous other persons and entities as defendants, and also brought claims under the Fair Labor Standards Act, 42 U.S.C. § 1983, and the Fourteenth Amendment.  However, the district court dismissed these defendants and claims pursuant to the defendants' joint motions to dismiss the original and amended complaints.  Because Simpson does not challenge that ruling on appeal, any issue in that respect is abandoned.  (*See* Blue Brief at 1, 8-30); *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (while this Court reads briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned).

I.

Simpson first argues on appeal that it was error for the district court to grant the defendants' joint summary judgment motion because he made out a *prima facie* case of retaliation.[2]

We review the grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005). Similarly, "[w]e review the district court's interpretation and application of statutes of limitations *de novo*." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (internal quotation marks omitted).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (internal quotation marks omitted).

---

[2]In granting summary judgment for the defendants, the court found that Simpson offered no direct evidence, and that his claims should be analyzed under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Simpson does not explicitly challenge that finding on appeal.

The applicable limitations period begins to run from the time the plaintiff knows or should have known (1) that he has suffered the injury that forms the basis of his complaint, and (2) who has inflicted the injury. *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003). For Rehabilitation Act claims originating in Alabama, that state's two-year period for personal injury actions, found in Ala.Code § 6-2-38(*l*), supplies the applicable statute of limitations. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

The Rehabilitation Act prohibits retaliation against an employee who has opposed disability discrimination. 29 U.S.C. § 791(g); 42 U.S.C. § 12203(a). To establish a *prima facie* case of retaliation, the plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered a materially adverse action; and (3) there was some causal relationship between the two events. *See Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997); *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006). Where a plaintiff offers no direct evidence of employment discrimination, his case can be analyzed using the burden-shifting paradigm of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Bryant v. Jones,* 575 F.3d 1281, 1307–08 (11th Cir. 2009).

For retaliation purposes, filing a charge of discrimination is a statutorily

4

protected activity. 42 U.S.C. § 12203(a); *see Wright v. Southland Corp.*, 187 F.3d 1287, 1305–06 (11th Cir. 1999). A materially adverse action is one that has a materially adverse effect on the plaintiff, irrespective of whether it is employment or workplace-related. *Crawford v. Carroll,* 529 F.3d 961, 973 (11th Cir. 2008).

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (internal quotation marks omitted). Generally, close temporal proximity between the employee's protected conduct and the materially adverse action is sufficient circumstantial evidence to create a genuine issue of material fact about a causal connection. *Brungart v. BellSouth Telecomms., Inc*., 231 F.3d 791, 799 (11th Cir. 2000). However, a lapse in time beyond three or four months, in the absence of other evidence tending to show causation, is insufficient to show close temporal proximity. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Id.*

Where the protected activity at issue is the filing of a discrimination lawsuit, the relevant date in determining temporal proximity of the protected activity and

any materially adverse action is the *filing* of the lawsuit, not the entry of dispositive orders in the case by the district court. *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986) (commenting that the filing of a discrimination complaint constitutes a "protected activity").

Once the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a nondiscriminatory or non-retaliatory reason for its treatment of the employee. *Pennington*, 261 F.3d at 1266. If the employer presents a legitimate explanation for its actions, the burden then returns to the employee to show that the explanation is pretextual. *Id.*

Here, as an initial matter, we conclude from the record that it was not error for the district court to determine that some of Simpson's claims against Jefferson County DHR were time-barred. As noted above, Simpson filed the instant complaint on November 15, 2010, therefore making the applicable limitations period run from November 15, 2008, to that date. He was notified of the materially adverse actions, the failures to hire, by non-selection notices sent to him by either the Alabama Personnel Department or by Jefferson County DHR itself. Although Simpson attached 14 such non-selection letters as evidence (and two more that are unreadable), only six of those notices form the basis of timely claims: notices sent on February 1, 2010; November 17, 2009; August 15, 2009;

6

June 17, 2009; April 21, 2009; and November 14, 2008.  All others were sent and received outside of the applicable limitations period.

We also conclude that it was not error for the district court to find that Simpson did not prove causation on any of his claims.[3]  As an initial matter and relevant to all defendants, Simpson's argument that depositions taken in late 2007 of both him and Costa, as part of *Simpson I,* constituted protected activity in the present suit is misplaced.  The filing of *Simpson I* was the protected activity, and the date of that filing in 2006 was the relevant date in determining causation.  Since the filing of *Simpson I* occurred in 2006 and, given that under the applicable statute of limitations, Simpson could only challenge materially adverse actions from November 15, 2008, forward, Simpson could not prove causation through temporal proximity against any defendant.  The period between the date of the protected activity until the earliest date that Simpson could challenge any materially adverse action was two years, far beyond the three or four months which we have held is the outer limit for the test of close temporal proximity.  *Higdon*, 393 F.3d at 1220.  Because Simpson relied exclusively on temporal

---

[3]The defendants concede that Simpson met the first two elements of a *prima facie* case - that the filing of *Simpson I* constituted a protected activity under the Rehabilitation Act, and that Simpson suffered materially adverse actions, the failure by the defendants to interview or hire him.  Therefore, only causation is disputed.

proximity to show causation, he failed to show causation as to any defendant.

Moreover, we conclude that the district court was correct in finding, in an abundance of caution, that Simpson's claims would fail even if he made out a *prima facie* claim of retaliation against all defendants.  Marshall County DHR had a legitimate, nondiscriminatory reason for refusing to hire Simpson: Simpson had previously worked as a social worker there, and a supervisor forced him to resign after the supervisor discovered that Simpson was in an improper relationship with a client.  Jefferson County DHR had interviewed Simpson before and found him to be nervous, unprofessional, and an unsuitable candidate for the job; hence, it also had a legitimate reason in refusing to hire him.  Costa could not hire Simpson because, as Simpson concedes, he was not on the local employment register at the time, which was a prerequisite to being hired.  Simpson failed to rebut these legitimate, nondiscriminatory reasons for refusals to hire him, thereby failing to prove pretext.

For the foregoing reasons, we hold that it was not error for the district court to grant the defendants' joint summary judgment motion.

## II.

Simpson next challenges the district court's denial of his out-of-time discovery motions.

8

We review district court rulings on discovery motions for abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). Although *pro se* pleadings are to be construed liberally, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L. Ed. 2d 21(1993).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). However, the scope of discovery in employment discrimination cases is not without limits. *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570 (11th Cir. 1992). "The information sought must be relevant and not overly burdensome to the responding party." *Id.* Rule 16(b) gives the district court the authority to set a scheduling order limiting the time to complete discovery. Fed.R.Civ.P. 16(b). A schedule may be modified only for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4).

In the instant case, we conclude that the district court did not abuse its discretion in denying Simpson's out-of-time discovery motions. The court issued its scheduling order in May 2011, but Simpson moved the court for leave to depose certain individuals on October 26, 2011, a mere five days before the time

9

for discovery was set to expire.  He offered no compelling reason why his motions were delayed, nor any reason explaining why the court should effectively extend its discovery deadline.  As such, we conclude that it was not error for the district court to deny the motions solely on the grounds that Simpson failed to comply with its order and that his motions would cause undue delay and expense.

### III.

Finally, Simpson challenges the district court's denial of his post-notice of appeal motion to compel a transcript of a motions hearing.

The record demonstrates that Simpson filed the motion to compel, and the district court entered its order after he filed his notice of appeal as to the district court's order granting defendants' summary judgment motion.  As such, the notice of appeal cannot constitute an appeal from the order denying the motion to compel production, and we do not have jurisdiction to review that order.  *See McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) (stating that if a party files a notice of appeal before the district court enters an order on a specific motion, not indicated in the notice of appeal, the party's notice of appeal does not constitute an appeal from that specific order).

For the aforementioned reasons, we affirm the district court's grant of summary judgment and the other appealed orders.

10

**AFFIRMED.**