[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11581

Non-Argument Calendar

_____

EVANJALYST M. HARRIS,

Plaintiff-Appellant,

*versus*

DEPARTMENT OF CHILDREN & FAMILIES, OFFICE OF
THE INSPECTOR GENERAL,
an Agency of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62842-RS

_____

Before LUCK, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Evanjalyst M. Harris appeals the district court's order granting summary judgment in favor of defendant Department of Children and Families, Office of the Inspector General ("DCF") on her race-discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). First, Harris argues that the district court erred in granting DCF summary judgment on her disparate impact claim because the district court should have conformed her pleadings to the evidence raised at discovery and because she was not required to provide statistical evidence. Second, Harris argues that the district court erred in finding that there was no causal connection between her termination and the complaint she filed on November 15, 2018, and that she could not amend her retaliation claim to include e-mails she sent on November 7 and 8, 2018, as protected activities during summary judgment proceedings. After reviewing the record and reading the parties' briefs, we affirm the district court's order granting summary judgment to DCF.

## I.

We review *de novo* a district court's grant of summary judgment, using the same legal standards applied by the district court. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263-64.

When a movant shows that no genuine dispute of material fact exists, the burden shifts to the non-movant to demonstrate that there is a genuine issue of material fact that precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-movant must go beyond the pleadings and present competent evidence setting forth specific facts to show that a genuine issue of fact exists. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004). The non-moving party cannot survive summary judgment by presenting a mere scintilla of evidence. *Id.*

## II.

Title VII prohibits employers from discriminating against an individual because of her race. 42 U.S.C. § 2000e-2(a)(1). A disparate impact theory of discrimination prohibits neutral employment practices that are non-discriminatory on their face but have a disproportionate impact on a statutorily-protected group. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000). To

establish a disparate impact claim, the plaintiff must show that: (1) there is a significant statistical disparity between the proportion of minorities available in the labor pool and the proportion of minorities hired by the employer; (2) there is a specific, facially-neutral employment practice causing the disparity; and (3) a causal nexus exists between them. *Id.* To prevail, "the plaintiff must offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 994, 108 S. Ct. 2777, 2789 (1988).

As a preliminary matter, we conclude from the record that Harris waived the argument that the district court should have conformed the pleadings to the evidence and considered an alternative race discrimination claim for failure to promote as a disparate treatment claim by failing to raise it in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (we do not consider an issue that was not raised in the district court but, rather, is raised for the first time on appeal). Accordingly, we will not consider that argument.

Next, based on the record, we conclude that the district court did not err in granting DCF's motion for summary judgment because Harris failed to support her disparate impact claim with any statistical evidence. To prevail on her disparate impact claim, Harris was required to offer statistical evidence to show that DCF's practice of not announcing the supervisory position caused the

exclusion of African American candidates for the promotion. The record demonstrates that Harris did not provide any statistical evidence to support her disparate impact claim. Thus, the district court properly found that she failed to establish a *prima facie* case of discrimination.

## III.

The anti-retaliation provision of Title VII forbids an employer from retaliating against an employee because she has opposed "an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse employment action; and (3) there is a causal connection between the protected activity and the materially adverse action. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).

To prove a causal connection, a plaintiff need only demonstrate "that the protected activity and the adverse action were not wholly unrelated." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n. 30 (11th Cir. 2003) (quotation marks and alterations omitted). A plaintiff satisfies this element if she "provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was a close temporal proximity between this awareness and the adverse [] action." *Id.* (quotation marks omitted). We have noted that a period of approximately one month between the protected activity and the adverse action is not too

protracted.  *See Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601 (11th Cir. 1986).

Importantly, "when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse action does not suffice to show causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).  We have observed that an adverse action must "follow[ ] the protected conduct." *Griffin v. GTE Fla., Inc.*, 182 F.3d 1279, 1284 (11th Cir. 1999).  An employer "proceeding along lines previously contemplated, *though not yet definitively determined*, is no evidence whatever of causality." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272, 121 S. Ct. 1508, 1511 (2001) (emphasis added).

A party may amend her pleading once as a matter of course within 21 days after serving it or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." *Id.* 15(a)(2).  "[T]he proper procedure for [a] plaintiff[] to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)," and we have held that a plaintiff may not raise a new claim at the summary judgment stage or attempt to amend the complaint "through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

21-11581                Opinion of the Court                7

As a preliminary matter, Harris has abandoned her argument that DCF is strictly liable for failing to investigate her claims by not raising it on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that a party abandons an argument by failing to raise it on appeal). Next, we conclude that, based on the record, the district court did not err in granting DCF's motion for summary judgment and denying Harris's motion for summary judgment as to her retaliation claim because she did not establish a causal connection between her protected activity and termination. The district court correctly found that Harris could not rely on her November 7 and 8 e-mails as the basis for her protected activity because her second amended complaint relied only on her November 15 complaint.

Next, Harris could not establish a causal connection between her protected activity and termination because the undisputed evidence showed that the decision to terminate her occurred before she filed her November 15 complaint. While Harris was not formally dismissed until December 20, 2018, the undisputed evidence indicates that DCF had all the information it would eventually rely on when terminating Harris. Accordingly, the district court properly found that Harris failed to establish a *prime facie* case of retaliation.

For the aforementioned reasons, we affirm the district court's order granting summary judgment to DCF.

**AFFIRMED.**