■ In the Matter of GARRY GIANNANDREA, Appellant, v JAMES B. MEEHAN, as Chief of the New York City Transit Police Department, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent Chief of the New York City Transit Police Department to reinstate the petitioner to the position of police officer in that Police Department, the petitioner appeals from a judgment of the Supreme Court, Kings County (Lodato, J.), dated May 1, 1985, which dismissed the petition on the merits.

Judgment affirmed, without costs or disbursements.

The petitioner, a probationary police officer in the New York City Transit Police Department, failed to pass his final medical examination which was conducted on December 10, 1984. An analysis of the petitioner's urine, by two separate tests, revealed the presence of cannabis. The petitioner was suspended and was allegedly offered the opportunity to resign or be dismissed from the Department. He chose to resign and submitted a handwritten letter to that effect. The petitioner subsequently instituted this proceeding for a judgment reinstating him to his position as a police officer on the ground that his resignation was obtained under duress and undue influence.

It is a fundamental axiom of civil service law that the employment of a probationary appointee may be terminated without specific reasons being given, without charges filed, and without a hearing *(see, Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of King v Sapier,* 47 AD2d 114, *affd* 38 NY2d 960; *Matter of Bonney v Dilworth,* 99 AD2d 468). Judicial review of such a termination is limited to an inquiry of whether the termination was made in bad faith and was

therefore arbitrary and capricious *(see, Matter of King v Sapier, supra)*. The evidence in the record in this case established that the termination of the petitioner's employment was made in good faith. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.