**Rita M. SKELTON, Plaintiff,**

v.

**ACTION, et al., Defendants.**

**Civ. A. No. 85–1321.**

United States District Court, District of Columbia.

Aug. 3, 1987.

Phillip R. Kete, Takoma Park, Md., for plaintiff.

Patricia D. Carter, Hilda R. Temin, Ann S. DuRoss, Rebecca L. Ross, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, Senior District Judge:

Plaintiff brings this suit under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), charging that she was denied promotional opportunities by her employer, the ACTION agency,[1] and was otherwise unlawfully discriminated against because of her age.[2] In her complaint, as subsequently amended, she alleged that ACTION failed to promote her to the position of Maryland State Program Director solely on the basis of her age and, in addition, systematically discriminates against older persons in filling positions at the GS–13 and GS–14 level, as well as favoring active members of the Republican

Party. Plaintiff also charged ACTION with improperly designating certain GS–13 and GS–14 positions as noncompetitive and with failing to give due consideration to in-house applicants such as herself. After an initial round of pretrial motions, the Court dismissed all but the claim that plaintiff's nonselection for the Maryland State Program Director position was improper. *See* Orders of March 24 and June 18, 1986.

Subsequent to the filing of pretrial briefs, defendants moved for summary judgment on the one remaining claim. They argue that the undisputed facts of record demonstrate that age played no part in plaintiff's nonselection and that, as is apparent from plaintiff's pretrial brief, she is not prepared to present at trial any evidence of discriminatory animus on the part of her employer. Under such circumstances, argue defendants, a trial would be a pointless exercise, as they are entitled to judgment as a matter of law. The Court agrees.

Defendants have offered a legitimate reason for plaintiff's nonselection; the selecting official believed that another individual was better qualified. Once such a reason is put forward, it falls to plaintiff to demonstrate—by either direct or indirect evidence—that age was a determining factor in her nonselection. This she has utterly failed to do. Instead, counsel spent his energy during oral argument attempting to demonstrate that the selectee was not in fact better qualified. What counsel fails to realize, however, is that, once defendants come forward with a legitimate reason for not selecting plaintiff, it falls to plaintiff to address anew[3] the issue of *discrimination*, not to quibble about the candidates' relative qualifications. Not only is it not within the Court's province to second-guess an employer's choice of candidates, but even if plaintiff were to prove that she

---

1. ACTION is an independent federal agency established within the executive branch to assist in the provision of services to the poor, disadvantaged, and elderly.

2. The ADEA provides in relevant part that "[all] personnel actions affecting employees or applicants for employment who are at least 40 years of age ... in executive agencies ...

shall be made free from any discrimination based on age."
29 U.S.C. § 633a(a).

3. In other words, plaintiff must do more than to fall back on her *prima facie* cases, which by itself only shows that she is older than the person who was selected for the position in question.

were better qualified, that—without more—would not indicate that she failed to obtain the desired position because of her age. All that such evidence would show, absent some other evidence of actual discrimination, is that defendants made a faulty selection decision. Yet that is not the kind of employee grievance that the Court is directed by Congress to remedy. Unless the employer's choice of candidates can be shown to have been tainted by unlawful discrimination, it must be allowed to stand, no matter how unwise it may seem to the disappointed applicant.

For the reasons set forth below, defendants' motion for summary judgment is granted.

## I.

## BACKGROUND FACTS

The facts material to a resolution of this case are not in dispute.[4] On November 20, 1984, ACTION announced a vacancy for the position of Maryland State Program Director, GM-301-13. At the time plaintiff applied for that position, she was working at the National Center for Municipal Development, on detail from ACTION. Immediately before that assignment, which commenced in April 1984, plaintiff had been a GS-13 program analyst at ACTION. Competing with her for the Maryland position was Jerry Yates, who ultimately secured the appointment. For approximately two and one-half years prior to his application, Mr. Yates had worked on the staff of the Vietnam Veterans Leadership Program at ACTION, on detail from the Veterans Administration ("VA").[5] As of January 1983, he was a GS-14. At the time of his application, he was 38 years old; plaintiff was 57.

With his standard application form SF-171, Mr. Yates submitted two performance appraisals prepared by former supervisors at ACTION, together with an Applicant Appraisal Form for Merit Promotion completed by his then supervisor at the VA. Plaintiff also submitted an SF-171 and an Applicant Appraisal Form, together with several letters of appreciation. A comparison of the Appraisal Forms submitted by the two applicants reveals that Mr. Yates was consistently rated superior to plaintiff in all relevant areas of concern.

The selection of a candidate to fill the Maryland position was made by Mr. Daniel Bonner, the Associate Director for Domestic and Antipoverty Operations at ACTION. In making his choice for the position, Mr. Bonner was not only impressed with the superior performance appraisals submitted on behalf of Mr. Yates, but also with favorable reports about Yates from his ACTION supervisors who, in turn, worked under Bonner. See Deposition of Daniel F. Bonner (June 19, 1986) at 47-49, 59-62, 66-67 ("Bonner depo."); Deposition of Jerry E. Yates (June 19, 1986) at 56-59 ("Yates depo."). These individuals reported to Bonner on the progress being made in the Vietnam Veterans Leadership Program ("VVLP"), in which Mr. Yates was working.[6] In this way, Mr. Bonner became at least indirectly familiar with Mr. Yates's work during Yates's detail at ACTION. It was generally reported to him that Yates was an outstanding employee.

In contrast, Mr. Bonner was not especially impressed with the application package submitted by plaintiff, which contained an Appraisal Form indicating that, on the whole, she was only somewhat above average. See Bonner depo. at 75-77. Moreover, while Mr. Yates's application package included two performance appraisals from former supervisors at ACTION, Declaration of Daniel F. Bonner ¶ 7, plaintiff had

---

4. Plaintiff does dispute the statements made in paragraphs 35-41 and 43 of defendants' Statement of Material Facts as to Which There is no Genuine Issue. Yet none of the "issues" raised concern facts material to the outcome of the question presented to the Court, as will be discussed *infra*, and so are not "material."

5. Shortly before he filed his application, Mr. Yates returned to the Veterans Administration, where he worked until taking up his new position with ACTION.

6. Mr. Yates, who had a strong interest in veterans' affairs, took the initiative in securing a position with the VVLP at its inception. Yates depo. at 22-41.

only several letters of appreciation in addition to her Applicant Appraisal Form. *Id.* ¶¶ 7, 10. Her Applicant Appraisal Form rated her only average in certain areas deemed critical and, as to certain other factors, rated her only "above average" and then only on the basis of perceived potential rather than actual performance. *Id.* ¶ 10. Mr. Bonner did not attach much weight to the letters of appreciation, as they appeared to be either remote in time, from persons other than plaintiff's supervisors, or not addressed to the skills or qualifications in question. *Id.* While plaintiff had on various occasions served as State Director in other parts of the country, Mr. Bonner found nothing in her application package to indicate that she had been a successful Director. *Id.* As was made clear in oral argument, plaintiff could have submitted performance appraisals from persons who evaluated her work as State Director, but did not. The absence of such appraisals from her application package is sufficient to have entitled Mr. Bonner to conclude that plaintiff had not in fact been especially successful in those positions.[7] For that reason, Mr. Bonner did not feel it necessary to contact plaintiff's supervisors, *id.* at 81–82, although he did speak with the persons to whom Mr. Yates directly reported. In short, Mr. Bonner considered Mr. Yates to be the superior candidate and so offered him the position rather than plaintiff.

## II.

## ANALYSIS

### A. Applicable Legal Principles

To withstand a motion for summary judgment, the nonmoving party must demonstrate that there exists a genuine dispute as to one or more facts material to the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct.

2505, 2510, 91 L.Ed.2d 202 (1986); Fed.R. Civ.P. 56(c). Moreover, as the Supreme Court stressed in *Liberty Lobby*, the dispute must be *genuine*, and it must concern a *material* fact. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Facts that are "material" to the outcome of a case are those that the governing substantive law recognizes as relevant. 477 U.S. at ——, 106 S.Ct. at 2510. In age discrimination cases, they are facts speaking to the elements of the analytical framework laid down in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), a Title VII case. As modified for application in ADEA cases, the *McDonnell* analysis involves three steps. First, a plaintiff must make out a prima facie case of age discrimination by showing that he is a member of the statutorily protected age group, that he was qualified for the position but not hired or promoted, and that a person outside the protected age group was selected instead. *Cuddy v. Carmen*, 762 F.2d 119, 122 (D.C.Cir.1985). Once a plaintiff has accomplished this, the burden then shifts to the defendant to rebut the resulting presumption of discrimination. *Id.* To do so, a defendant must produce evidence "that plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981), *quoted in Cuddy*, 762 F.2d at 122. If the defendant is successful in that undertaking, it then falls to the plaintiff to prove his case "either indirectly by showing that the reason proffered by the defendant was in fact a pretext or directly by showing that it was more likely than not that the defendant was actually motivated by discrimination." *Cuddy*, 762 F.2d at 123. In other words, the plaintiff ultimately bears the burden of proving that age

7. Of course, the absence of supervisor appraisals from plaintiff's application, even if it had been the fault of the selecting official or some other personnel specialist at ACTION, could in no way bolster plaintiff's case. The key question is whether the selecting official believed—on the basis of the information before him— that the person selected was better qualified, or whether he declined to select plaintiff because of her age. It is irrelevant that some other information not brought to his attention might have caused him to choose plaintiff rather than another candidate; the "correctness" of the employer's choice is not at issue here.

was a "determining factor" in his nonselection, *id.*, and that "but for" the employer's discriminatory motive, he would have been selected for the position in question. *Krodel v. Young*, 748 F.2d 701, 706 (D.C.Cir. 1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985).

A "genuine" issue concerning a material fact exists "if the evidence is such that [the factfinder] could [enter judgment] for the nonmoving party." *Liberty Lobby*, 477 U.S. at ——, 106 S.Ct. at 2510.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Id.* 106 S.Ct. at 2511. Nevertheless, it is insufficient, in opposing a motion for summary judgment, for the nonmoving party to rely upon mere allegations or upon the hope that, at trial, evidence put on by the moving party may simply be disbelieved. *Id.* at 2514. Rather, "the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment[,] . . . even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Id.*

In an age discrimination case, the Court's teachings mean that, once the defendant has moved for summary judgment by producing evidence that there existed legitimate, nondiscriminatory reasons for the plaintiff's nonselection, the plaintiff must then demonstrate the existence of material facts indicating that the reasons proffered by the defendant are merely pretextual or that the defendant was in fact animated by a discriminatory motive. Failure to produce such evidence at the summary judgment stage entitles the defendant to judgment. *See, e.g., Box v. A & P Tea Co.*, 772 F.2d 1372, 1378 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 3311, 42 L.Ed.2d 724 (1986); *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983); *Smith v.*

*Chamber of Commerce*, 645 F.Supp. 604, 607, 609 (D.D.C.1986), *appeal filed*, No. 86–5659 (D.C.Cir. Oct. 20, 1986); *Snyder v. Washington Hospital Center*, 36 Fair Empl.Prac.Cas. (BNA) 445, 448–49 (D.D.C. 1984). Moreover, as the Court emphasized in *Liberty Lobby*, it is not enough for the plaintiff to hope that the factfinder might simply disbelieve the reasons proffered by the defendant; it is necessary for the plaintiff to put on *some* evidence, beyond the mere age differential between himself and the selectee, demonstrating that age played a role in the particular employment decision. *Smith*, 645 F.Supp. at 609–10 & n. 4; *Snyder*, 36 Fair Empl.Prac.Cas. at 448; *see also Cuddy*, 762 F.2d at 123. As the court in *Snyder* noted, even if a plaintiff were successful in discrediting the defendant's reasons for selecting another, yo nger candidate, at least to the extent of showing that those reasons were misguided or ill-considered, it does not follow that the plaintiff will have defeated the defendant's motion. 36 Fair Empl.Prac.Cas. at 448. As the court reasoned:

> [e]vidence that the reasons given by an employer for an employment decision were not the "real" ones does not prove age discrimination; rather, it only proves that some other reason motivated the employer. Absent some evidence that the real reason was the employee's age, race, sex, religion, or some other protected characteristic, either directly through the employer's statements or actions regarding the plaintiff or indirectly through evidence of the employer's treatment of other members of the protected class, it is impossible for an employee who challenges the decisions as discriminatory to survive a motion for summary judgment.

*Id.* A contrary rule would only misdirect the court's energies from an inquiry into possible discrimination to a review of the wisdom of the employer's hiring practices.

█ In short, while a plaintiff need not put on *direct* evidence of discrimination, *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 717, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983); *Burdine*, 450 U.S. at 255 n. 10, 101 S.Ct. at 1095, n. 10;

*King v. Palmer*, 778 F.2d 878, 881–82 (D.C. Cir.) *reh. en banc denied*, 778 F.2d 883 (1985); *Snyder*, 36 Fair Empl.Prac.Cas. at 448 n. 3, she must put on *some* evidence upon which a factfinder could reasonably find in his favor. Where, as here, a plaintiff opposing a motion for summary judgment relies upon mere allegations of discrimination, based only upon the age difference between the candidates and supported only by the hope that the defendant's proffered reasons for its choice will be disbelieved, there is no genuine issue of fact requiring a trial. In such cases, the defendant is entitled to summary judgment.

## B. Existence of Genuine Issues of Material Fact

■ An application of the principles of law outlined above to the instant case clearly supports a determination that summary judgment should be entered for defendants. Not only has plaintiff failed to demonstrate the existence of issues of fact material to the outcome of her suit, but she has not even shown that the issues she has raised are "genuine."

Plaintiff proceeds from the premise that it is sufficient for her, in opposing defendants' motion, to pick at the reasons proffered by defendants for her nonselection, in the hope that an accumulation of trivial conflicts will amount to an issue of material fact. Yet even were the conflicts in the record to which she points truly indicative of disputed issues of fact, she cannot attain her goal, for even if she could demonstrate that Mr. Bonner, the selecting official, was not nearly as impressed with Mr. Yates as he claims, and that in fact he did not carefully review Mr. Yates's application, she would still fall far short of proving that age was a "determining factor" or had anything to do with Yates's selection for the position. *See Cuddy*, 762 F.2d at 123; *Snyder*, 36 Fair Empl.Prac.Cas. at 448. Yet as plaintiff indicates in her pretrial brief, she is not prepared to put on any evidence—direct or indirect—of actual age discrimination. For that reason alone, summary judgment for defendants is warranted, since it is clear at this point that plaintiff would not avail herself of the opportunity at trial to present evidence—as she must—that the reasons proffered by defendants for her nonselection are merely pretextual.

Moreover, even if plaintiff could survive defendants' motion by demonstrating nothing but that defendants' reasons supporting the selection of Mr. Yates are weak, she would fail to make such a showing here. It is not enough for her to produce a mere "scintilla" of evidence to create a genuine issue of fact; there must be sufficient evidence of record to support a finding that the reasons proffered by defendant are pretextual. *See Liberty Lobby*, 477 U.S. ——, 106 S.Ct. at 2512. All plaintiff has done is to find fault with Mr. Bonner's memory; she cannot seriously believe that she has discredited his testimony that he indeed believed that Mr. Yates was the superior candidate.[8] For instance, she faults Mr. Bonner for misremembering—or for mistakenly believing—that Mr. Yates worked at ACTION for the VVLP until the time that he became the Maryland program director. In fact, as plaintiff eagerly points out, Mr. Yates had left ACTION to return to the VA a couple of months prior to submitting his application for the Maryland position. In a similar vein, plaintiff takes Mr. Bonner to task for not having a specific memory of having reviewed Mr. Yates's Appraisal Form from the VA and for being in error as to which of Yates's supervisors had signed it. None of these putative "conflicts" even begins to cast serious doubt upon Mr. Bonner's unequivocal testimony that he considered Mr. Yates to be the more desirable applicant. Indeed, the veracity of Mr. Bonner's testimony is directly supported by the documentary evidence of record, which indisputably demonstrates that anyone looking at the two candidates' respective application packages might have reasonably felt that Yates's was superior, containing as it did a number of "excellent" or "superior" ratings, in contrast to plaintiff's corresponding ratings of "average" or "satisfactory." In short, if

8. Of course, whether Mr. Yates actually was the superior candidate is irrelevant.

the issue here were the sincerity of Mr. Bonner's satisfaction with Mr. Yates, then plaintiff would still have failed to demonstrate that summary judgment is inappropriate.

Of course, as stated previously, the issue is not the selecting official's happiness with Mr. Yates; it is the possibility that the nonselection of plaintiff might have been motivated by age discrimination. Yet plaintiff has not presented—and is not prepared to present—any evidence from which a factfinder might conclude that the reasons proffered by defendants for her nonselection are sham and that, in reality, she was the victim of prohibited bias.[9]

This case presents no genuine issues of material fact and, on the undisputed facts, defendants are entitled to judgment as a matter of law. Indeed, after careful consideration and review of the record, the Court questions whether plaintiff's counsel should have ever filed and pursued this proceeding. Defendants' motion for summary judgment is granted. An appropriate Order will be entered.

---

9. This is not a case like *Donnellon v. Fruehauf,* 794 F.2d 598 (11th Cir.), *reh. en banc denied,* 800 F.2d 267 (1986), cited by plaintiff. In *Don-* *nellon,* the plaintiff had produced affirmative— and direct—evidence of discrimination. *See* 794 F.2d at 601–02.