James C. **DIAMANTOPULOS**

v.

The **BROOKSIDE CORPORATION.**

**Civ. No. H–87–75 (PCD).**

United States District Court,
D. Connecticut.

April 12, 1988.

Robert F. McWeeney, Helen Apostolidis, McWeeney & Ferguson, Hartford, Conn., for plaintiff.

D. Reed Scism, Mindy K. Dale, Barnes & Thornburg, Indianapolis, Ind., Jay S. Siegel, Hartford, Conn., for defendant.

### RULING ON MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff alleges that defendant refused to hire him in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Defendant has moved for summary judgment.

### Facts

From early 1984 to May 1986, plaintiff was employed at the Torin HVAC Division of Clevepak Corporation ("Torin") as Director of Human Resources. Diamantopulos Affidavit ("DA"), ¶¶ 36, 57; Diamantopulos Deposition ("DD") at 4–5.[1] He was responsible for the human resources functions of Torin's various plants, including labor relations, salary and wage administration; benefits administration; human resources planning; personnel planning; etc. DA, ¶¶ 37, 38. Plaintiff performed favorably in this position, receiving positive evaluations and salary increases. *Id.,* ¶¶ 40–44.

---

**1.** Defendant was instructed to file plaintiff's deposition if its reference thereto was so extensive as to preclude attaching copies of the relevant pages as exhibits. *See* Defendant's Motion to File Deposition granted October 19, 1987. It has done neither. Nevertheless, defendant has referenced the transcript without objection by plaintiff. Accordingly, the references are presumed to be accurate.

In March or April 1986, defendant, Brookside Corporation ("Brookside"), noticed its intent to acquire a two-thirds interest in Torin. DA, ¶ 47; DD at 22–26. During the ensuing transition, plaintiff worked temporarily for Brookside. On May 19, 1986, he was notified by Claude A. Fourth, President of Brookside, that his employment was being terminated. He resumed his position at the one-third of Torin not acquired by Brookside until it was sold in October 1986. DD at 11, 59.

Plaintiff was informed that Brookside needed an employee relations manager and that he was a candidate. DA, ¶ 47; DD at 25–27. Plaintiff was invited to Brookside's headquarters in Indiana by Mr. Forth for an interview on April 10 and 11, 1986. DA, ¶¶ 49–52; DD at 32–33. During plaintiff's visit, Forth expressed concern over plaintiff's salary requirements. DA, ¶ 53; DD at 32. After the meeting, plaintiff wrote to Forth and reiterated his interest in the job. Letter from Diamantopulos to Forth (April 18, 1986) at 2. He offered to forego his recently granted 4.7% salary increase and to accept a further salary decrease of 10%, describing the resulting annual salary of $54,000 as reasonable compensation which would allow him to maintain his then current standard of living.

Brookside advertised for a Human Resources Manager and received over 700 resumes. Answers to Interrogatories, No. 5. Seven to ten applicants were interviewed, all of whom, with the exception of plaintiff, were from Indiana. *Id.* The field was then further narrowed based on the salary demands of the respective applicants. Memorandum in Support at 7. The position was offered to and accepted by an applicant who was thirty-nine years of age at the time. Plaintiff was then sixty-one.

### Summary Judgment

... Fed.R.Civ.P. 56(c) provides, in part, that summary judgment shall be rendered only when a review of the entire record demonstrates "that there is no genuine issue as to any material fact." The burden falls on the moving party to establish that no relevant facts are in dispute. *Heyman v. Commerce & Industry Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975); *accord Addickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 [90 S.Ct. 1598, 1608, 26 L.Ed.2d 142] (1970). Moreover, in determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 [82 S.Ct. 993, 994, 8 L.Ed.2d 176] (1962) (per curiam); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). Therefore, not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them. *Schwabenbauer v. Bd. of Educ.,* 667 F.2d 305, 313 (2d Cir.1981), *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 [106 S.Ct. 2505, 91 L.Ed.2d 202] (1986).

Properly employed, summary judgment allows the court to dispose of meritless claims before becoming entrenched in a frivolous and costly trial. *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9 (2d Cir.1986), *cert. denied,* [—— U.S. ——], 107 S.Ct. 1570 [94 L.Ed.2d 762] (1987). It must, however, be used selectively to avoid trial by affidavit. *Judge v. Buffalo,* 524 F.2d 1321 (2d Cir.1975). Hence, the fundamental maxim remains that on a motion for summary judgment a court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman,* 524 F.2d at 1319–20. As long as the plaintiff has adduced sufficient facts to substantiate the elements of his claim, summary judgment is inappropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265] (1986).

*Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57–58 (2d Cir.1987).

### Age Discrimination Under the ADEA

■ The ADEA prohibits refusal of employment because of one's age. 29 U.S.C. § 623(a); *Haskell v. Kaman Corp.,* 743 F.2d 113, 119 (2d Cir.1984); *Stanojev v. Ebasco Serv., Inc.,* 643 F.2d 914, 919 (2d

Cir.1981). It does not, however, prevent an employer from refusing employment on non-discriminatory grounds, regardless of the reasonableness of those grounds. *Haskell*, 743 F.2d at 119; *Stanojev*, 643 F.2d at 919–22.

■ A cause of action under the ADEA requires a showing that plaintiff's age was a factor that made a difference in deciding whether he should be employed. *Geller v. Markham*, 635 F.2d 1027, 1035 (2d Cir.1980), *cert. denied*, 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981). His age need not have been the *sole* factor motivating the employer's decision not to hire him. Rather, he need only show that "but for his employer's motive to discriminate against him because of his age, he would not have been" denied employment. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st Cir.1970). *See also Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 82 (2d Cir. 1983); *Pena v. Brattleboro Retreat*, 702 F.2d 322, 323 (2d Cir.1983). The ADEA requires only that "an employee's age be treated in a neutral fashion, neither facilitating nor hindering advancement, demotion or discharge." *Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir.1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 950 (1983).

■ The Second Circuit has applied to the ADEA cases a test analogous to that enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), for Title VII cases. *See, e.g., Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); *Stanojev*, 643 F.2d at 919; *Geller*, 635 F.2d at 1032. Thus, plaintiff must first establish a prima facie case by showing that he or she: (1) was within the protected age group; (2) was qualified for the employment that was denied; (3) applied for, but was denied the job; and (4) was rejected in lieu of a younger person. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Meiri*, 759 F.2d at 995–96; *Haskell*, 743

F.2d at 122; *Stanojev*, 643 F.2d at 919–20, 924 n. 7; *Reed v. Signode Corp.*, 652 F.Supp. 129 (D.Conn.1986) (Ruling on Motion for Summary Judgment at 8).

■ This initial burden may be sustained by either direct evidence of discrimination or circumstantial evidence from which an inference of such discrimination may be drawn. *Haskell*, 743 F.2d at 119; *Stanojev*, 643 F.2d at 919–20. Such circumstantial evidence must be shown to suggest, logically, a different treatment of employees based on age. *Stanojev*, 643 F.2d at 921. That is, such evidence must be sufficient "to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977) (construing Title VII, 42 U.S.C. § 2000e, *et seq.*).

■ Once a prima facie case has been established, the burden falls to the defendant to produce evidence of a legitimate, non-discriminatory reason for the action taken. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. If the defendant meets this burden, the plaintiff must then demonstrate that the non-discriminatory reason advanced by the employer was but a mere pretext to disguise the true discriminatory basis for the denial of employment.[2] *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *Meiri*, 759 F.2d at 997.

■ When an employer raises several non-discriminatory reasons for rejecting an applicant, the applicant, in order to defeat summary judgment, must either raise an issue of material fact as to the pretextual nature of the proffered reasons or persuade the court that a discriminatory motive more likely motivated the employer's action. *Texas Dept. of Community Affairs*, 450 U.S. at 256, 101 S.Ct. at 1095; *Cuddy v. Carmen*, 762 F.2d 119, 123

---

2. Despite the fact that the burden of production shifts between the plaintiff and defendant, the burden of persuasion remains with the plaintiff at all times. *Haskell*, 743 F.2d at 119 n. 1; *Stanojev*, 643 F.2d at 919–20; *Loeb*, 600 F.2d at 1011.

(D.C.Cir.), *cert. denied,* 474 U.S. 1034, 106 S.Ct. 597, 88 L.Ed.2d 576 (1985); *Skelton v. ACTION,* 668 F.Supp. 25, 29 (D.D.C.1987); *Meiri,* 759 F.2d at 997; *Carroll v. ITT,* 37 Fed.Emp.Prac. 1712, 1714 (S.D.N.Y.), *aff'd,* 779 F.2d 38 (2d Cir.1985). Even though summary judgment is ordinarily inappropriate where intent and state of mind are involved, the mere incantation of intent is not a sufficient basis upon which to deny a motion. *Meiri,* 759 F.2d at 997.

### Discussion
#### Plaintiff's Prima Facie Case

For purposes of this motion, defendant concedes that plaintiff has made out a prima facie case of age discrimination: (1) plaintiff was over forty years old when he was denied employment and thus within the protected class; (2) he was arguably qualified for the position of Human Resources Manager; [3] (3) he applied for, but was not offered the position; and (4) the position was filled by a younger person.

#### Defendant's Rebuttal

 A prima facie case creates an inference of unlawful discrimination and the burden passes to the employer to produce evidence of legitimate, non-discriminatory reasons for its action. *See Texas Dept. of Community Affairs,* 450 U.S. at 254, 101 S.Ct. at 1094; *Meiri,* 759 F.2d at 996. Vague or conclusory statements of reasons are insufficient—the reasons must be clear and specific. *Meiri,* 750 F.2d at 997. The reasonableness of the non-discriminatory reasons is relevant only to the pretext issue. No matter how illogical or irrational a decision might be, it is only actionable if the employer harbors a discriminatory animus and that animus is one of the causes of the adverse action taken against the employee. *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1223 (7th Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981); *Parcinski,* 673 F.2d at 36.

Defendant claims five non-discriminatory reasons: (1) plaintiff's overall management style was not suited to Brookside's size; (2) plaintiff's past job performance was inconsistent with Brookside's management style; (3) defendant believed plaintiff would be unable to garner the respect of his employees based on plaintiff's employment history; (4) plaintiff's salary requirements were unacceptable; and (5) relocation costs in excess of $15,000 would be saved by hiring locally. Defendant's Memorandum at 12.

(1) *Management style:* Plaintiff's prior experience involved personnel decision for between 600 to 300,000 employees, DD at 17–18, 14–16, 13, 5–6, with two to six staff members, DD at 5, 16–18, 122–23. Defendant claims this experience was not suited for Brookside, which employed fewer employees and provided only one secretary for the position. Answers to Interrogatories, No. 10.

(2) *Past job performance:* Mr. Forth allegedly had observed plaintiff's management style at Torin and found it inappropriate. Labor contracts negotiated by plaintiff were found to be unacceptable. *Id.*

(3) *Relationship with employees:* "[I]t was obvious to Defendant's executives from talking to Torin employees that Defendant [sic] was not well respected or trusted by Torin's employees." *Id.*

(4) *Compensation:* At Torin, plaintiff was earning $62,300. In his letter of April 18, 1986, to Forth, plaintiff stated his position on salary:

> Bud, insofar as my salary is concerned, I recently was granted a 4.7% increase after 18 months since the last one, which puts my current salary at $62,820, annually. In addition, I feel that in order to maintain my current standard of living in the Indianapolis area, a 10% decrease would be acceptable. That would bring the annual salary figure for me in at $54,000 annually.

Joseph Milazzion was hired at an annual salary of $36,000, a figure representing a 42% reduction in plaintiff's salary at Torin and 33.33% reduction of the salary he indi-

---

**3.** Although defendant has challenged plaintiff's qualifications, the record amply demonstrates that plaintiff had significant experience in the field of human resources/personnel management. DA, ¶¶ 8–27.

cated he would accept in his letter to Forth. Defendant argues it did not think he would accept its salary terms. *Id.* at No. 13.

(5) *Relocation Expense:* Defendant also notes that it only interviewed applicants from Indiana to avoid paying relocation costs of an out-of-state hiree who would have to move to Indiana. *Id.* at Nos. 4, 5. Defendant argues it, therefore, saved money by not hiring a out-of-state resident like plaintiff.

*Pretext*

Defendant having offered legitimate non-discriminatory business reasons for not hiring plaintiff, the burden returns to plaintiff to show that there are factual issues as to the pretextual nature of the alleged non-discriminatory reasons. *Reed,* 652 F.Supp. at 134, citing *Meiri,* 759 F.2d at 997. This burden merges with plaintiff's ultimate burden of proving discrimination and is met "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Meiri,* 759 F.2d at 997, citing *Texas Dept. of Community Affairs,* 450 U.S. at 256, 101 S.Ct. at 1095. Plaintiff may meet his burden by circumstantial evidence that defendant's reasons were pretextual or that in actuality his age played a role in defendant's decision not to hire him. *Cf. Geller,* 635 F.2d at 1035; *Nordquist v. Uddeholm Corp.,* 615 F.Supp. 1191, 1199 (D.Conn.1985). If he is unable to show evidence from which a jury could infer discrimination, *Hagelthorn,* 710 F.2d at 82; *Zebedeo v. Martin E. Segal Co.,* 582 F.Supp. 1394, 1415 (D.Conn.1984), then summary judgment may be granted. *Skelton,* 668 F.Supp. at 29; *Carroll,* 37 Fed.Emp.Prac. at 1714; *Nash v. Jacqueline Cochran, Inc.,* 548 F.Supp. 676, 680 (S.D.N.Y.1982).

■ With regard to his management style, genuine questions of material fact regarding the pretextual nature of the claimed legitimate, non-discriminatory reasons are shown. At Torin, plaintiff worked with only a secretary and an employee-relations specialist. Although the scope of the Brookside position might differ from his past experience, there is nothing to suggest that plaintiff could not adapt to defendant's position.

Further, defendant's assessment of plaintiff's past performance was based on "observation[s] of the way Defendant handled several personnel matters." Answers to Interrogatories, No. 10. However, none of these problems are cited. Second, plaintiff received frequent positive evaluations of his performance while he was at Torin. DA, ¶¶ 40–44 and attachments. In the face of these evaluations, defendant's bald assertion of a negative reaction to plaintiff's handling personnel matters is dubious. Moreover, defendant's concern for plaintiff's negotiation of labor contracts is unsubstantiated and is belied by the praise plaintiff received for his work on the Torin labor contracts. *Id.,* ¶ 40 and attachment. Finally, defendant's concern over plaintiff's relationship with the Torin employees is unsubstantiated. No support for this conclusion from affected employees is found in the record. Rather, the record is replete with comments complimentary of plaintiff's employment at Torin. In short, while defendant's arguments challenging plaintiff's management style and capabilities might, at trial, be found to have merit, the record does not support them as the sole conclusions reasonably drawn. Plaintiff has rebutted these alleged legitimate, non-discriminatory reasons, as to which questions of fact thus exist.

■ Plaintiff has failed, however, to rebut Brookside's economic reasons. Economic considerations which are simply a result of employing older employees do not constitute legitimate, non-discriminatory reasons for either a failure to hire them or their discharge. *See, e.g., EEOC v. City of Altoona,* 723 F.2d 4, 7 (3d Cir.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2386, 81 L.Ed.2d 344 (1984) (economic factors cannot be used to justify involuntary retirements); *Orzel v. City of Wauwatosa Fire Dept.,* 697 F.2d 743, 755 (7th Cir.), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983) (cost factors do not justify mandatory retirement age); *Hahn v. City of Buffalo,* 596 F.Supp. 939, 953 (W.D.N.Y.1984),

*aff'd,* 770 F.2d 12 (2d Cir.1985) (hiring based on projected longevity of employment to obtain cost effective work force does not justify age discrimination); *cf. Los Angeles Dept. of Water & Power v. Manhart,* 435 U.S. 702, 716, 98 S.Ct. 1370, 1379, 55 L.Ed.2d 657 (1978) (cost-justification defense not available in Title VII action involving employer requiring females to make larger contribution to pension fund).

 Where economic considerations are not a proxy for age, however, such factors may constitute legitimate, non-discriminatory reasons justifying an employer's actions.[4] An actionable ADEA claim cannot be premised on the mere fact that higher salaried workers were terminated because a person may not be within the ADEA protected class yet still receive a large salary because of particular qualifications, merit increases, or long tenure. *Holt v. Gamewell Corp.,* 797 F.2d 36, 38 (1st Cir.1986).

 Plaintiff has not shown that defendant's failure to offer him the position at $36,000 was pretextual. Rather, the record shows that of the seven to ten applicants it interviewed, defendant eliminated applicant Jim Harpool because his salary expectation was in the range of $52,000–$54,000, the same as plaintiff's. Answers to Interrogatories, No. 5; April 18, 1986 Letter from Diamantopulos to Forth. Furthermore, the position was filled at $36,000 —42% of plaintiff's salary at Torin and 66.66% of the salary he was willing to accept. Plaintiff's presently stated willingness to accept $36,000, DA, ¶ 55, was not known to Brookside when he interviewed. Indeed, his letter of April 18, 1986, arguably suggests just the opposite. Defendant's failure to inquire as to whether plaintiff would accept the position at that salary cannot be said to have been unreasonable, nor does it justify an inference of pretext.

Defendant also saved $15,000 by eliminating relocation costs. *See, e.g., Nash,* 548 F.Supp. at 681 (relocation expense). Plaintiff has also not rebutted this reason for defendant's actions.

Having failed to prove that all defendant's reasons were pretextual, plaintiff may only survive defendant's motion if he shows some direct evidence of defendant's discriminatory motivation. *Cuddy,* 762 F.2d at 123. To avoid summary judgment, he must produce evidence that age was a determining factor in defendant's failure to hire him and that but for the employer's discriminatory motive he would have been hired. *Meiri,* 759 F.2d at 997; *Skelton,* 668 F.Supp. at 29. Plaintiff may not "rely upon mere allegations or upon the hope that, at trial, evidence put on by the moving party may simply be disbelieved." *Skelton,* 668 F.Supp. at 29, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Since plaintiff has had a full opportunity for discovery, he must present affirmative evidence even if it is within the possession of defendant. *Id.*

 Plaintiff's only argument is that the other interviewees were all substantially younger than plaintiff and that each of them was offered employment. Complaint, ¶ 23. This alone, however, is insufficient to establish a discriminatory animus. That several younger persons were offered a position while plaintiff was not is merely circumstantial, statistical evidence which alone, though supportive of an inference of discrimination, is an insufficient basis upon which to prove discrimination. *International Brotherhood of Teamsters,* 431 U.S. at 339–41, n. 20, 97 S.Ct. at 1856–57 n. 20. Moreover, a sample of seven persons is statistically insignificant. *Id.* (seventeen person sample is statistically insufficient). *See also Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 621, 94 S.Ct. 1323, 1333–34, 39 L.Ed.2d 630

---

**4.** Although *Altoona* and its progeny demonstrate that economic factors are invalid as justification for discrimination, plaintiff does not argue nor does the record reveal that defendant's rejection of plaintiff's salary demand was only a means to justify discrimination against older employees.

Defendant asserts that age played no part whatsoever in its decision, whereas, in the cited cases, the defendants asserted economic justifications in an effort to legitimize an otherwise discriminatory practice. Accordingly, *Altoona* and its progeny are distinguishable.

(1974) (sample of thirteen too small to be probative); *Haskell*, 743 F.2d at 121 (sample of ten terminations over eleven years not statistically significant).

 Plaintiff relies primarily on his experience and qualifications for the position in arguing that he will be able to prove an ADEA violation. He notes: "the record in this case establishes that the Plaintiff was clearly better qualified for the Human Resources Manager position than the person who was ultimately hired." Memorandum in Opposition at 20. In fact, the bulk of his affidavit is devoted to reciting his many accomplishments. Plaintiff argues that pretext is established by the fact that he was better qualified for the position. *Id.* at 19. In support of this argument, plaintiff cites *Thornbrough v. Columbus & Greenville RR*, 760 F.2d 633 (5th Cir.1985). *Thornbrough* was a reduction in workforce case where the plaintiff's employment was terminated. His duties were divided among three younger employees. Several younger employees were retained who occupied positions similar to the one he occupied. The court reversed the district court's granting of defendant's motion for summary judgment because it found that the plaintiff had proven his prima facie case and raised a genuine question of fact as to the pretextual nature of each of the defendant's alleged non-discriminatory reasons for its action. In this case, however, plaintiff has not raised any question of fact as to the legitimacy or illegitimacy of defendant's decision not to hire him because of his salary demand. Plaintiff's qualifications are not the sole issue. Brookside's failure to offer plaintiff the position at $36,000 is not the question. That it may well have succeeded in hiring plaintiff, a better qualified candidate is not a ground for finding defendant was motivated by a discriminatory animus. *See Skelton*, 668 F.Supp. at 30 n. 8 (whether the candidate selected was actually the superior candidate is irrelevant to an ADEA action). Even if plaintiff is assumed to be the better qualified candidate, defendant was under no obligation to hire him. *See Graefenhain v. Pabst Brewing Co.*, 620 F.Supp. 696, 705 (E.D.Wis.1985) (ADEA does not place affirmative duty on employer to afford special treatment to employees because they are in the protected class).

However, even though plaintiff has not rebutted each of defendant's non-discriminatory reasons for her action, summary judgment is nevertheless inappropriate in this case. An employee may satisfy his ultimate burden either directly by showing that the employer's proffered reasons were unworthy of credence *or* by proving that a discriminatory reason was the more likely reason for the employer's refusal to hire him. *Meiri*, 759 F.2d at 997. "[T]he efficacy of employment discrimination law depends upon the interdependence of the prima facie case, the employer's rebuttal and proof of pretext." *Id.* at n. 12. In this case, the combination of the prima facie case buttressed with plaintiff's rebuttal of three of the five claimed non-discriminatory reasons presents a question of fact as to the legality of defendant's conduct. Drawing all inferences in favor of plaintiff, summary judgment cannot be granted.

SO ORDERED.