In the Matter of MARSHALL GARYPIE, III, Appellant, v INCORPORATED VILLAGE OF SAG HARBOR et al., Respondents.—

The petitioner Marshall Garypie, III, was appointed to the position of police officer trainee of the Incorporated Village of Sag Harbor (hereinafter the Village) on January 6, 1987. On March 13, 1987, the petitioner was selected by the Village to fill a newly created permanent position of police officer. Thereafter, the petitioner was scheduled to take the remaining portions of the police officer examination given on April 13, 1987. The Village was notified of the petitioner's successful completion of the examination on June 30, 1987, and immediately appointed the petitioner to the permanent position of police officer effective July 1, 1987. The petitioner's employment was terminated on February 4, 1988.

Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 challenging the termination of his employment, which occurred without a hearing or explanation. The petitioner argued that his one-year probationary period commenced upon his appointment as a trainee

and the termination occurred after that probationary period had expired. The Supreme Court rejected this argument finding that the probationary period commenced upon his permanent appointment on July 1, 1987.

We agree. A temporary employee cannot attain permanent status and begin serving a probationary term without first qualifying for the position (Civil Service Law § 63 [1]; 4 NYCRR 4.5 [a] [1]; *Matter of Montero v Lum,* 68 NY2d 253). Civil Service Law § 58 (1) provides that

"no person shall be eligible for provisional or permanent appointment * * * as a police officer * * * unless he shall satisfy * * *

"(c) * * * the height, weight and physical fitness requirements prescribed by the municipal police training council".

Such testing was not conducted until after the petitioner was selected by the municipality as a candidate for the permanent position. Under *Matter of Montero v Lum (supra)* the petitioner was not qualified until his successful completion of the physical and mental portion of the examination. Hence, his probationary term did not commence until he was qualified and permanently appointed to the position of police officer effective July 1, 1987. Therefore, the termination of his employment on February 3, 1988, was during his probationary period.

A probationary employee's employment may be terminated without a hearing or without being given a specific explanation of the reasons for the termination *(Matter of Montero v Lum, supra; Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Giannandrea v Meehan,* 117 AD2d 806) and judicial review of such a termination is limited to an inquiry of whether the termination was made in bad faith and was therefore arbitrary and capricious *(Matter of Giannandrea v Meehan, supra).* The petition makes no allegation of bad faith, nor did the petitioner establish that the respondents' actions were arbitrary and capricious *(Matter of Talamo v Murphy, supra; Matter of Giannandrea v Meehan, supra).* Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.