■ In the Matter of DENNIS J. O'CONNOR, Respondent-Appellant, v KEVIN B. FRAWLEY, as Commissioner of Investigation of the City of New York, et al., Appellants-Respondents.— Order, Supreme Court, New York County (Walter M. Schackman, J.), entered April 26, 1990, amended to constitute an order and judgment by order of the same court entered April 26, 1990, unanimously modified, on the law and the facts, to vacate that portion of the order and judgment which directed petitioner's reinstatement with back pay and benefits pending administration of a competitive examination for the position of Administrative Attorney and promulgation of the list, and to convert petitioner's fourth cause of action for age discrimination from a CPLR article 78 proceeding to a plenary action, which is remanded to the Supreme Court for further proceedings, without costs.

Petitioner entered the civil service system in 1966 when he began employment with the New York City Human Resources Administration (HRA). Petitioner was appointed to his permanent title of Associate Attorney in 1975, and was appointed a provisional Administrative Attorney in 1977. No civil service examination had been conducted since petitioner was provisionally appointed as an Administrative Attorney. Petitioner was terminated from that position in April 14, 1989, following the appointment of Steven Pasichow as the new Inspector General for the HRA, whereupon petitioner resumed his permanent civil service rank as Associate Attorney, resulting in an annual salary loss of approximately $6,000.

Petitioner commenced an article 78 proceeding alleging that because respondents had failed to conduct a competitive civil service examination for more than 12 years, their termination

of petitioner's position as a provisional Administrative Attorney was arbitrary and capricious, and in violation of Civil Service Law § 65. Petitioner sought reinstatement with back pay and benefits, which the IAS Court granted. While it is clear that respondents were in violation of Civil Service Law § 65 (2), which prohibits the continuation of provisional appointments for a period in excess of nine months, the IAS Court should not have ordered petitioner's reinstatement with back pay (Matter of Preddice v Callanan, 69 NY2d 812). The violation of Civil Service Law § 65 (2) was fully remedied when respondent was directed to conduct the test for Administrative Attorney, which petitioner has since taken (Davey v Department of Civ. Serv., 60 AD2d 998).

The petitioner's fourth cause of action, alleging that he was discharged as a result of age discrimination in violation of the Human Rights Law (Executive Law § 296 [1] [a]), was not considered by the IAS Court in view of its determination in petitioner's favor on his first three causes of action. We believe that petitioner made out a prima facie case of age discrimination by alleging, inter alia, that he was fifty years old, that he was discharged and replaced by a woman fifteen years younger than he, that he was qualified for the position, and that Mr. Pasichow's predecessors had rendered highly favorable evaluations of petitioner's job performance (see, Mayer v Manton Cork Corp., 126 AD2d 526).

Pursuant to the burden-shifting analysis enunciated in McDonnell Douglas Corp. v Green (411 US 792), which has been followed in New York (Matter of Miller Brewing Co. v State Div. of Human Rights, 66 NY2d 937), respondents were required to rebut the presumption of discrimination by producing admissible evidence of legitimate, nondiscriminatory reasons to support Mr. Pasichow's decision to replace petitioner with a younger person (Ioele v Alden Press, 145 AD2d 29, 36). Mr. Pasichow's articulated reason for removing the petitioner from his position of provisional Administrative Attorney was his alleged lack of criminal law background, and unspecified reports of poor work performance that stand in marked contrast to written evaluations uniformly praising the petitioner's performance.

Where an employer articulates a reason based on poor work performance in the face of good job evaluations, such reasons are particularly suspect. (Legrand v Trustees of Univ. of Ark., 821 F2d 478, 482-483, cert denied 485 US 1034; Diamantopulos v Brookside Corp., 683 F Supp 322, 328; Jones v Rivers, 722 F Supp 771, 776.) Under these circumstances, we find that an

issue of fact is presented with respect to petitioner's age discrimination claim which should be resolved at a trial. Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.