■ In the Matter of JANE D'AMICO, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al, Respondents. [617 NYS2d 43] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the respondents to retroactively reinstate the petitioner to the civil service position of probation officer II, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered November 24, 1992, which, upon granting the motion by the Nassau County Civil Service Commission and the County of Nassau, and the separate motion by the New York State Civil Service Department, to dismiss the petition, *inter alia*, for failure to state a cause of action, dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

In 1973 the petitioner was appointed on a provisional basis by the Nassau County Department of Probation for the position of probation assistant. She remained a provisional employee until a qualifying examination for the probation assistant position was offered in October of 1979. The petitioner passed that examination, achieved permanent status, and subsequently was promoted to probation officer II. On February 10, 1992, the respondents implemented a layoff plan during which the petitioner was "bumped" to probation officer I, causing a decrease in her annual salary. The petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking, among other things, retroactive reinstatement to the probation officer II position with full back pay, benefits, and interest. The petitioner argued that her provisional service from 1973 to 1979 should have been counted in determining her retention status because the respondents failed to timely administer the examination for probation assistant within nine months following her initial appointment, as required by Civil Service Law § 65 (2). We disagree.

A provisional appointment which exceeds the statutory limit of nine months set forth under Civil Service Law § 65 (2) does not entitle a provisional employee to a permanent ap-

pointment *(see, Matter of Montero v Lum,* 68 NY2d 253, 257; *Matter of Haynes v County of Chautauqua,* 55 NY2d 814; *Matter of Garypie v Incorporated Vil. of Sag Harbor,* 158 AD2d 598). An employee cannot attain permanent status without having first qualified for the position *(see, Matter of Montero v Lum, supra; Matter of Garypie v Incorporated Vil. of Sag Harbor, supra).* The petitioner's successful completion of the qualifying examination for probation assistant in 1979 did not operate retroactively to convert her temporary appointment into a permanent one *(see, Matter of Montero v Lum, supra).* Therefore, the petitioner is not entitled to the relief requested in her petition. The violation of Civil Service Law § 65 (2) was remedied by the administration of the qualifying examination in 1979 *(see, Matter of O'Connor v Frawley,* 175 AD2d 781; *Pollock v Crosson,* 153 Misc 2d 419).

In light of our determination, we need not reach the issues concerning the timeliness of the petition or the petitioner's request for discovery.

The petitioner's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.