■ In the Matter of JAMES FARKAS, Appellant, v C. SCOTT VANDERHOEF et al., Respondents. [761 NYS2d 510] —In a proceeding pursuant to CPLR article 78 to review a determination of C. Scott Vanderhoef, County Executive of the County of Rockland, dated May 29, 2002, terminating the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (O'Rourke, J.), dated August 5, 2002, which granted the respondents' motion to dismiss the proceeding and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner served as the Rockland County Director of Weights and Measures from 1959 until 1989 when he retired. In 1997 he came out of retirement and was reappointed to the

position by the respondent County Executive of the County of Rockland (hereinafter the County Executive). The petitioner did not take a competitive examination and was not selected from a list of eligibles. The resolution of the Rockland County Legislature confirming the petitioner's appointment resolved that he served "at the pleasure of the County Executive." In May 2002 the County Executive terminated the petitioner's employment. The petitioner thereafter commenced this proceeding, contending that the termination of his employment was conducted in violation of the procedural protections of Civil Service Law § 75. The Supreme Court granted the respondents' motion to dismiss the proceeding. We affirm.

Contrary to the petitioner's contentions, he was not hired on a permanent basis in accordance with the requirements of the Civil Service Law, and thus he was not a permanent civil servant entitled to the procedural protections of Civil Service Law § 75 (*see Matter of City of Rome v State of N.Y. Pub. Empl. Relations Bd.*, 283 AD2d 817 [2001]; *Matter of Village of Scotia v New York State Pub. Empl. Relations Bd.*, 241 AD2d 29; *Matter of D'Amico v Nassau County Civ. Serv. Commn.*, 208 AD2d 532 [1994]). "A civil servant may not * * * be appointed without the required examination" (*Matter of Board of Educ. of City of N.Y. v Nyquist*, 31 NY2d 468, 472 [1973]). Moreover, the petitioner did not attain permanent civil servant status as a result of his extended temporary employment (*see Matter of Village of Nissequogue v Suffolk County Dept. of Civ. Serv.*, 77 NY2d 915, 917; *Matter of Montero v Lum*, 68 NY2d 253, 259 [1986]; *Matter of Parrotta v Phillips*, 160 AD2d 877 [1990]; *Matter of Agress v Board of Educ. of City of N.Y.*, 86 AD2d 869 [1982], *affd* 57 NY2d 755 [1982]).

The petitioner's remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.